IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

AMANDA D. MIKLEWSKI,

Plaintiff,

v.                                                    Civil Action No. 2:20-CV-21
                                                      BAILEY
TALBOTT PERSONAL CARE, INC., d/b/a
VALENTINE PERSONAL CARE HOME
and RHONDA LEA TALBOTT,

Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT III

Pending before this Court is Defendants' Motion to Dismiss Count III [Doc. 2], filed July 22, 2020.  Plaintiff filed Plaintiff's Response to Memorandum of Law in Support of Defendant's Motion to Dismiss Count III [Doc. 6] on August 5, 2020.  On August 11, 2020, defendants filed a Reply to Plaintiff's Response to Memorandum in Support of Defendant's Motion to Dismiss Count III [Doc. 7].  The Motion is now fully briefed and ripe for decision. For the reasons that follow, the Court will grant the Motion.

## BACKGROUND

This case arises out of the alleged wrongful termination of plaintiff, Amanda Miklewski, by her employer, defendant Talbott Personal Care, Inc.  According to the Complaint, plaintiff was employed as an Aide on or about February 21, 2014. [Doc. 1-1 at 3].  In July of 2019, plaintiff's employment was terminated when her paycheck was not available for pick up in the usual manner and a co-worker inquired about plaintiff's pay check and was told that plaintiff "didn't show for a shift." [Id. at 5].  Plaintiff brought suit in    the   Circuit   Court   of   Barbour   County,   West   Virginia,   alleging   gender

discrimination/stereotyping, wrongful termination in violation of the Patient Safety Act, and the tort of outrage. [Id.]. On July 21, 2020, defendants removed the case to this Court on the basis of federal question jurisdiction. [Doc. 1]. On July 22, 2020, defendants filed the instant motion; in its memorandum in support, defendant argues that plaintiff has failed to properly plead her claim and that it is immune from the common law tort of intentional infliction of emotional distress ("IIED") (i.e. tort of outrage) claim under the West Virginia Workers' Compensation Act. [Doc. 2 at 1]. In her response, plaintiff argues that defendants are not immune under the act because the injuries were intentional. [Doc. 6 at 1].

## LEGAL STANDARD

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (applying the *Twombly* standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting

2

that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id.* at 1964–65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 1974.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396–97.

## DISCUSSION

This Court agrees with the defendants that the tort of outrage/IIED claim is barred by workers' compensation immunity. This Court recently analyzed similar claims in *Cox v. Armstrong Hardwood Flooring Co. et al*, Civ. Act. No. 2:20-CV-9, [Doc. 8] (N.D. W.Va. 2020) (Bailey, J.) and *Miller v. St. Barbara's Mem'l Nursing Home, Inc.*, Civ. Act. No. 1:20-CV-95, [Doc. 15] (N.D. W.Va. 2020) (Bailey, J). In these two cases, this Court found Judge Stamp's decision in *Councell v. Homer Laughlin China Co.*, 823 F.Supp.2d 370 and Judge Johnston's decision in *Fugate v. Frontier West Virginia, Inc.*, 2017 WL 3065216 (S.D. W.Va. July 19, 2017) instructive. As noted in *Councell*:

[T]he defendant argues that these claims are barred by the exclusivity

3

provision of the West Virginia Workers' Compensation Act. W.Va. Code § 23–2–6. The Court agrees with HLC to the extent that the claims have been pled in such a way that they fall within the immunity provided by the Workers' Compensation Act. The Workers' Compensation Act creates "sweeping immunity" for employers from all tort negligence actions by employees for injuries, including emotional distress, that occur "in the course of and resulting from employment." *Bias v. Eastern Associated Coal Corp.*, 220 W.Va. 190, 194–96, 640 S.E.2d 540, 544–46 (2006); W.Va. Code § 23–4–1. The plaintiffs argue that the emotional distress claimed in this action was not a result of a workplace incident or accident, but instead was a result of Ms. Councell's termination. While true, the plaintiffs misunderstand the breadth of the West Virginia Workers' Compensation Act in that it provides almost complete immunity from common law tort liability for negligently inflicted injuries to employees as a result of their employment. *State ex rel. Frazier v. Hrko*, 203 W.Va. 652, 659, 510 S.E.2d 486, 493 (1998) ("The employer is entitled to immunity for any injury occurring to an employee and 'shall not be liable to respond in damages at common law or by statute.'" (quoting W.Va. Code § 23–2–6)). Emotional distress which results from termination from employment does, in turn, result from employment.

However, exceptions to employer immunity for injuries to employees under the Workers' Compensation Act, while extremely narrow, do exist.

*See Bias*, 220 W.Va. at 194, 640 S.E.2d at 544.  One of these narrow exceptions is "when an employer has deliberately intended to cause injury or death to an employee."  *Id*.  While the plaintiffs do plead the broad tort of intentional infliction of emotional distress, such a broad pleading of this intentional tort is insufficient to plead deliberate intention to cause injury.  *Weirton Health Partners, LLC v. Yates*, 2010 WL 785647, *6 (N.D. W.Va. March 4, 2010) (Stamp, J.).  In *Weirton Health Partners*, this Court found that, in order for an intentional infliction of emotional distress claim to fall outside of the immunity provisions of the West Virginia Workers' Compensation Act, the plaintiff must plead facts that suggest "'an actual, specific intent,'" and liability cannot result from "'(A) Conduct which produces a result not specifically intended; (B) conduct that constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct.'"  *Id*. at *6 (quoting W.Va. Code § 23–4–2(d)(2)(I)).

823 F.Supp.2d at 384.

Similarly, *Fugate v. Frontier West Virginia, Inc.*, 2017 WL 3065216 (S.D. W.Va. July 19, 2017) (Johnston, J.) stated:

The Act was developed to provide a speedy and expeditious means of compensating injured employers for workplace injuries. *Meadows v. Lewis*, 172 W.Va. 457, 469, 307 S.E.2d 625, 638 (1983).  To effect that purpose, the Act creates "sweeping immunity" for employers for all tort actions by employees for injuries occurring "in the course of and resulting from

5

employment." ***Bias v. Eastern Associated Coal Corp.***, 220 W.Va. 190,

194, 640 S.E.2d 540, 544 (2006); *see* § 23-2-6 (providing an employer in

compliance with the Act "is not liable to respond in damages at common law

or by statute for the injury or death of any employee, however occurring").

The immunity provided by the Act encompasses an action for negligent or

intentional infliction of emotional distress. *See id.* (immunity bars employee's

NEID [sic] action); ***Miller v. City Hosp., Inc.***, 197 W.Va. 403, 409–410, 475

S.E.2d 495, 501–02 (1996) (finding plaintiff's claim of outrage fell within

scope of Act's immunity provision).

2017 WL 3065216 at *5.

      This Court agrees with the above opinions.  Plaintiff argues that defendants are not

immune from liability because this case is distinguishable due to the gender discrimination

claim.  Plaintiff states

> [t]he current matter is distinguishable from the recent decisions that
> Defendants cite because neither case included a gender discrimination
> claim. *See* Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss at 5. Both
> decisions quote cases saying that the acts causing the plaintiff's distress
> stemmed from termination, while here Plaintiff presents that the termination
> played a role but multiple work incidents, including discriminatory treatment,
> and one post termination incident, . . . contributed as well. Further, gender
> discrimination is not a negligent act or an unintentional error – it is an
> intentional act. The intentional acts of gender discrimination inflicted upon

6

> Plaintiff during her employment, such as being told not to discuss her
> personal life, make this claim distinguishable from those simply related to
> termination.

[Doc. 6 at 5]. Plaintiff argues that she "did not simply endure one accident while at work
. . . [but] instead was subjected to many workplace incidents." [Id. at 6]. However, plaintiff
fails to allege any facts that show a specific intent of causing her injury. *Brevard v.
Racing Corp. of W. Virginia*, No. 2:19-CV-00578, 2020 WL 1860713, at *7 (S.D. W.Va.
Apr. 13, 2020) (Johnston, J.). In *Brevard*, plaintiff alleged that defendant's termination was
committed "with the knowledge that such conduct . . . would result in the infliction of
emotional distress on Plaintiff." *Id.* The court found that

> [a]t best, Plaintiff's claim alleges that [defendant] purposefully terminated
> Plaintiff's employment. Critically, it fails to allege that such action was
> undertaken with the specific intent of causing him injury. Allegations of "(i)
> [c]onduct which produces a result that was not specifically intended; (ii)
> conduct which constitutes negligence, no matter how gross or aggravated;
> or (iii) willful, wanton or reckless misconduct" are insufficient." W.Va. Code
> § 23-4-2(d)(2)(A). The Amended Complaint therefore falls short of the
> specific intent necessary to satisfy the deliberate intent exception to workers'
> compensation immunity.

*Id.* The same holds true in this case. Taking the factual allegations laid out in the
Complaint, plaintiff has failed to sufficiently plead a tort of outrage/IIED claim because

7

there is no evidence showing a specific intent to produce a result.  Thus, the plaintiff's tort of outrage/IIED claim will be dismissed.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Count III **[Doc. 2]** is **GRANTED** and Count III of the Complaint is **DISMISSED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: August 13, 2020.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**